UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK SHIFFER SURVEYORS, INC.                              CIVIL ACTION

VERSUS                                                              NO. 21-99

SJ-194, ET AL.                                                  SECTION "R" (5)


## ORDER AND REASONS

Before the Court is a motion for partial judgment on the pleadings by defendants Armada Marine Services, LLC ("Armada"), and SJ-194, SJ-211, and SJ-216, *in rem* ("the Vessels").[1] Plaintiff Mark Shiffer Surveyors, Inc. ("Shiffer") does not oppose the motion.[2] For the following reasons, the Court grants defendants' motion.

## I.     BACKGROUND

This case arises out of a maritime contract dispute. On January 15, 2021, plaintiff Shiffer filed suit in this Court, alleging that it provided vessel support services to defendants, and that defendants have not paid for the services.[3] Plaintiff's complaint seeks arrest and sale of the vessels at issue,

---

[1]     R. Doc. 33.
[2]     R. Doc. 35.
[3]     R. Doc. 1 ¶¶ 10-11.

under general maritime law and the Federal Maritime Lien Act, 46 U.S.C. § 31341.[4] The complaint also seeks interest, costs, and attorney's fees under the Louisiana Open Account Statute, La. R.S. 9:2781.[5]

Defendants Armada and the Vessels now move for a partial judgment on the pleadings.[6] They assert that plaintiff's claim is governed by general maritime law, not state law, requiring dismissal of its claims under the Louisiana Open Account Statute, and any claims for attorney's fees.[7] Plaintiff does not oppose the motion.[8] The Court considers the motion below.

## II. DISCUSSION

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a 12(c) motion, the court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* (citations omitted). At this stage, the Court "accepts all well-pleaded facts as true." *In*

---

[4]  *Id.* ¶ 16.
[5]  *Id.* ¶ 28.
[6]  R. Doc. 33.
[7]  R. Doc. 33-1 at 2-4.
[8]  R. Doc. 35.

re *Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

Maritime contract disputes are governed by general maritime law. *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011) (citing *Todd Shipyards Corp. v. Turbine Serv. Inc.*, 674 F.2d 401, 412 (5th Cir. 1982)). Under, general maritime law, federal courts apply the "American Rule," which provides that parties must bear their own costs, including attorney's fees, absent a federal statute or enforceable contract to the contrary. *Texas A&M Rsch. Found. v. Magna Transp. Inc.*, 338 F.3d 394, 405 (5th Cir. 2003); *OneBeacon Am. Ins. Co. v. Turner*, 204 F. App'x 383, 385 (5th Cir. 2006) (citations omitted). The Fifth Circuit has held that maritime law's American Rule precludes the recovery of fees under the Louisiana Open Account Statute. *Sea Link Cargo Servs. Inc., v. Marine Centre Inc.*, 380 F. App'x 460, 463 (5th Cir. 2010) (citing *Texas A&M*, 338 F.3d at 405); *see also Jambon & Assocs., L.L.C. v. Seamar Divers, Inc.*, 2009 WL 2175980, at *9 (E.D. La. July 20, 2009) (denying claims for fees under the Louisiana Open Account Statute).

The parties do not dispute that this suit arises out of a maritime contract, governed by general maritime law, and that no federal statute nor contract mandates a deviation from the American Rule. The American Rule thus applies, requiring each party to bear its own costs. Therefore, as plaintiff concedes,[9] defendants are entitled to a judgment on the pleadings dismissing plaintiff's claims for interest, costs, and attorney's fees under the Louisiana Open Account Statute. To the extent that plaintiff's complaint seeks fees on a basis other than the Louisiana Open Account Statute, defendants are entitled to a judgment dismissing those claims as well.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial judgment on the pleadings. Plaintiff's claims under the Louisiana Open Account Statute, and all other claims for costs and fees in its complaint, are DISMISSED with prejudice.

New Orleans, Louisiana, this ___9th___ day of August, 2021.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 35 at 2.